## (July 25, 1972)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT MANNING et al., Appellants.— Appeal from a judgment of the County Court of Chenango County, rendered March 17, 1969, upon a verdict convicting appellants of the crime of criminal possession of a dangerous drug in the first degree (Penal Law, § 220.20). Appellants, husband and wife, were owners of a farm near Preston, New York. They grew various species of plants, among which was cannabis, also known as hemp, from which marijuana is derived. Appellants' project was discovered inadvertently by law enforcement officers on October 7, 1968 when State Police and Chenango County Deputy Sheriffs were searching the area for two men who had escaped from a penal institution a half mile away. The officers, seeing the door open and tire tracks on the ground, approached the farmhouse. Through the open door they saw two guns in the house. They entered the house and, finding no one on the ground floor, proceeded to the second floor where they discovered a quantity of vegetable material drying. A sample was taken and, when chemical analysis disclosed that the material was cannabis, a search warrant was obtained. A search conducted on October 30, 1968 disclosed more cannabis, and appellants were arrested and charged with criminal possession of dangerous drugs in the first degree. After a jury trial they were convicted and each received a three-year sentence. Appellants' principal contention on appeal is that their motion to suppress the evidence seized under the warrant as illegally taken was improperly denied. They argue that the initial entry by the law enforcement officers was not justified by probable cause since it constituted a trespass, necessitating the suppression of the seized evidence. Respondent argues that the circumstances surrounding the entry by the law enforcement officers into appellants' home justified such entry and the search that followed. The police officers were justified under the circumstances here present in making an entry into private premises (*People* v. *Gallmon*, 19 N Y 2d 389, cert. den. 390 U. S. 911). Police were expected to investigate suspicious circumstances in the course of hunting escaped convicts. The farmhouse in question was within a reasonable distance from the penal institution and the circumstances permitted an inspection of the house as the front door was open and guns could be plainly observed. The police officer testified that "my first thoughts were that perhaps the boys that had escaped had gotten to this house, because of what had appeared to be fresh tire tracks and might have forced the occupants to leave or they could still be in there or the people in the building who occupied the building, obviously, there was somebody living there, might have been hurt and needed my assistance". In *People* v. *Taggart* (20 N Y 2d 335, 340, app. dsmd. 392 U. S. 667) the Court of Appeals stated: "The discussion is not whether exigent circumstances justify a departure from constitutional limitations. That view is impermissible. The point is that the Constitution forbids 'unreasonable' searches and what is reasonable is determined by the circumstances and the exigencies are not to be ignored (see *Camara* v. *Municipal Ct.*, 387 U. S. 523, 538–539)." There was therefore a privileged basis for the entry and, once the lawful entry was effectuated, the police were privileged to

seize any evidence of a crime which was exposed to their view and to obtain a search warrant on the basis of such evidence (see *People* v. *Gallmon, supra; People* v. *Bostic,* 34 A D 2d 597; *People* v. *Wojciechowski,* 31 A D 2d 658, affd. 28 N Y 2d 498). We have examined the remainder of appellants' contentions and find them to be without merit. However, although justification existed for the imposition of jail sentences, nevertheless, under all the circumstances, it is our opinion that the sentences imposed were excessive. The interest of justice dictates that the sentence of each appellant be reduced to a period of probation of five years (Penal Law, § 65.00, subd. 3, par. [a]) under the conditions set forth in the following provisions of section 65.10 of the Penal Law (subd. 2, pars. [a], [b], [c], [e] and subd. 3) as to Robert Manning; (subd. 2, pars. [a], [b] and subd. 3) as to Susan Manning. Judgment modified, in the interest of justice, by reducing the sentence of each appellant to a period of probation of five years upon conditions set forth in the memorandum herein, and matter remitted to the County Court of Chenango County for any further proceedings necessary to effectuate the probation hereby ordered, and, as so modified, affirmed. Greenblott, J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.